DocuSign Envelope ID: 37093753-1F50-4DF4-B169-21A898ACBF99
Case 2:23-mc-00106-CBM-AS Document 27 Filed 10/11/23 Page 1 of 9 Page ID #:155
Case 2:23-mc-00104-CBM-AS Document 27 Filed 10/31/23 Page 1 of 9 Page ID #:260

Honorable Suzanne H. Segal (Ret.)
Signature Resolution
633 W. 5th Street, Suite 1000
Los Angeles, CA 90071
JudgeSegal@SignatureResolution.com
Special Master

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. <br><br> And Related Cases. | Case No. CV 23-0106 CBM (ASx) <br> Case No. CV 23-0104 CBM (ASx) <br> Case No. CV 20-8819 CBM (ASx) <br><br> SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART JACKSON SQUARE VENTURES, LLC'S MOTION TO QUASH SUBPOENA AND FOUNDER COLLECTIVE GP II, LLC'S MOTION TO QUASH SUBPOENA <br><br> (Dkt. Nos. 1 and 5 and related filings) |

On July 21, 2023, nonparty Jackson Square Ventures, LLC ("JSV") filed a motion to quash subpoena in the United States District Court for the Northern

DocuSign Envelope ID: 37993753-1F59-4DF4-B169-21A898ACBF99
Case 2:23-mc-00106-CBM-AS Document 27 Filed 10/11/23 Page 2 of 9 Page ID #:156
Case 2:23-mc-00104-CBM-AS Document 27 Filed 10/11/23 Page 2 of 9 Page ID #:261

District of California. On July 21, 2023, nonparty Founder Collective GP II, LLC ("Founder Collective") filed a Motion to Quash Subpoena in the United States District Court for the District of Massachusetts. Both motions to quash were transferred to the United States District Court for the Central District of California to be heard by the Special Master. *See Jackson Square Ventures, LLC v. CoStar Grp., Inc.*, No. 2:23-mc-00106-CBM(ASx) (C.D. Cal. July 21, 2023), Dkt. 1; *Founder Collective GP II, LLC v. CoStar Grp., Inc.*, No. 2:23-mc-00104-CBM (ASx) (C.D. Cal. July 21, 2023), Dkt. 5 (collectively, "the Motions")[1]. Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. ("CoStar") filed a Combined Opposition to the Motions on August 11, 2023. (Dkt. 16.) JSV and Foundation Collective filed an Omnibus Reply on August 25, 2023. (Dkt. 18.)

The Special Master has considered the Motions, the Combined Opposition, the Omnibus Reply, and all related filings. The Special Master determined that no hearing was necessary to resolve the Motions. For the reasons discussed below, the Motions are GRANTED in part and DENIED in part.

### A. JSV's AND FOUNDER COLLECTIVE'S CONTENTIONS

CoStar Group has served nonparties JSV and Founder Collective with overbroad subpoenas seeking irrelevant information—for a second time. JSV and Founder Collective are merely investors in CREXi and have no connection to the allegations in the Underlying Litigation.

---

[1] The Motions make the same arguments.

CoStar originally served JSV, Founder Collective, and other CREXi investors each with a 643-page subpoena in December 2022. CoStar demanded more than 35 broad categories of documents over a span of eight years that were either entirely irrelevant, or cumulative of discovery already sought from CREXi. CoStar's subpoenas also attached hundreds of self-serving documents that CoStar obtained from foreign legal proceedings in an apparent effort to discredit CREXi with its investors. When threatened with sanctions over these improper and harassing subpoenas, CoStar withdrew them.

CoStar's second subpoena to JSV and Founder Collective is déjà vu. Although CoStar has now stripped the documents from foreign proceedings and decreased the number of document requests, the subpoena remains overbroad and cumulative of party discovery in the Underlying Litigation. CoStar requests eleven broad categories of documents over a span of more than eight years with a scope almost equivalent to the original subpoena. Each request seeks "[a]ll Documents and Communications" regarding broad topics such as "CoStar" and "CREXi" and targets sensitive internal JSV and Founder Collective documents regarding the investors' internal analyses and investment decision-making process. As before, CoStar's requests encompass documents that are irrelevant to the claims and defenses in the Underlying Litigation, or are—as CoStar has conceded in meet-and-confer discussions—cumulative of discovery CoStar has already sought from CREXi. These requests harass and impose an undue discovery burden on JSV and Founder Collective.

## B. COSTAR'S CONTENTIONS

CREXi's launch and continuing operations have been funded by over twenty investors, including Founder Collective (one of CREXi's earliest investors) and JSV (a two-time investor who holds a CREXi board seat). While Movants argue that they have "no connection" to the underlying litigation between CoStar and CREXi, that is demonstrably untrue. CREXi's communications with JSV and Founder Collective, and JSV's and Founder Collective's own internal communications about their CREXi investment (including valuations) are relevant to CoStar's damages assessment; copyright misappropriation, DMCA, and other claims; and CREXi's affirmative defenses.

Courts in intellectual property disputes have routinely ordered parties and third-party investors to produce exactly the same types of documents CoStar seeks here, and JSV and Founder Collective have no legitimate argument that such documents are not highly relevant. While they argue that CoStar should first seek these documents from CREXi, CREXi has refused to produce them (and CREXi does not possess JSV's and Founder Collective's purely internal documents).

Moreover, CoStar has attempted to collect this evidence in a targeted way. CoStar has issued narrowly tailored subpoenas to just two of CREXi's over twenty investors which, collectively, invested in CREXi across all three of its financing rounds. CoStar has also engaged in additional efforts to avoid any undue burden on JSV and

Founder Collective, offering to discuss search terms, date ranges, and other ways to mitigate any perceived burden. Founder Collective has disclosed that almost all of the responsive material can be located in a single folder, and JSV has failed to articulate any specific undue burden.

### C. JSV's AND FOUNDER COLLECTIVE'S REPLY CONTENTIONS

CoStar's subpoenas should be quashed for four reasons. First, the documents CoStar requests are almost entirely cumulative of party discovery. Second, CoStar does not even try to justify the relevance of its original broad subpoenas, and its theories of relevance as to specific documents lack merit. Third, CoStar fails to justify the undue burden of the irrelevant and broad discovery CoStar seeks into "all documents and communications" on numerous topics. And finally, CoStar's improper purpose of harassment and its failure to narrowly tailor its requests justifies quashing the subpoenas and awarding JSV and Founder Collective their reasonable attorneys' fees in responding to the subpoenas.

### D. DISCUSSION

On timely motion, the court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In determining whether a subpoena poses an undue burden, courts "'weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citation omitted).

"While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646 (9th Cir. 1980).

CoStar's subpoenas impose undue burden on nonparties JSV and Foundation Collective. CoStar's requests seeking "all" documents and communications on various broad topics over an eight-year time period are not narrowly tailored to seek relevant documents proportional to the needs of the case. *See Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 813 (9th Cir. 2003) (affirming district court's quashing of subpoena where "[n]o attempt had been made to try to tailor the information request to the immediate needs of the case.")

The overbroad requests seek information that is not relevant, including JSV's and Foundation Collective's internal confidential commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (permitting courts to quash subpoena that requires disclosing "confidential…commercial information[.]"). CoStar asserts the information it seeks bears directly on CoStar's damages under the Copyright Act, the willfulness of CREXi's conduct, and CREXi's DMCA defense. (*See* Dkt. 16 at 10-15.) However, JSV's and Founder Collective's internal documents relating to their own knowledge, valuations, assessments, decision-making, are not probative of CREXi's liability nor CoStar's damages.

Unlike the nonparty investors from whom records were subpoenaed in *Struck v. Gao*, 2023 WL 4155373, at *3 (C.D. Cal. Mar. 15, 2023) – a case in which the defendant had allegedly used contact lists and other trade secrets misappropriated from the plaintiff to identify, contact, and/or secure investment from the nonparty investors for his competing venture capital business, JSV and

DocuSign Envelope ID: 37093753-1F50-4DF4-B169-21A898ACBF99

Foundation Collective are not alleged to be witnesses to nor involved in CREXi's alleged copyright infringement. Moreover, even in *Struck v. Gao*, the court found a request for *all* documents and communications from the nonparty investors relating to the defendant "overbroad[.]" *Id.* at *11.

CoStar's reliance on *Maplebear Inc. v. Uber Techs., Inc.*, 2021 WL 1845535 (N.D. Cal. Mar. 23, 2021) is also misplaced. In that case, Instacart alleged that its competitor Cornershop had "scraped" Instacart's data and used it for Cornershop's benefit. Instacart subpoenaed nonparty Uber, which had acquired a majority interest in Cornershop. The court declined to order Uber to produce documents "duplicative of information sought from Cornershop[,]" and ordered Uber to produce only "(1) any information about Uber's knowledge, before the acquisition of the majority interest in Cornershop, of Cornershop's practice of scraping intellectual property from Instacart's website and valuation of that practice and the resulting data, and (2) Uber's valuation of Cornershop's large stock of images and pricing data that were taken from Instacart." *Id.* *2. Here, the nexus between JSV's and Foundation Collective's investments in CREXi – some of which occurred years before CREXi's alleged infringement – and the value of CoStar's allegedly infringed intellectual property and/or CREXi's unjust enrichment is insufficient to justify the broad scope of documents and communications relating to such investments that CoStar requests.[2]

---

[2] The Special Master incorporates by reference the analysis regarding relevance and Rule 26 contained in the Order Granting in Part and Denying in Part CoStar's Motion to Compel Business Model and Valuation documents.

*Complete Entertainment Resource LLC v. Live Nation Entertainment, Inc.*, 2017 WL 11682915 (C.D. Cal. Mar. 2, 2017) is also inapposite. There, the defendant subpoenaed the "internal analyses" of nonparty investors regarding the plaintiff's pre-infringement value for "potential impeachment" of the plaintiff's claimed valuation, and the court agreed the documents were relevant for such purpose. *Id.* at *2. CoStar does not claim JSV's and Foundation Collective's internal valuations of CREXi are relevant to impeach any valuation claimed by CREXi.

Furthermore, to the extent CoStar's requests encompass relevant documents and communications relating to CREXi, such documents can be obtained from CREXi rather than the nonparties. "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) (citing cases); *see also Moon*, 232 F.R.D. at 638 (finding subpoena imposed "undue burden" on nonparty where plaintiffs could obtain the documents from the defendant). The Special Master has ordered CREXi to produce valuation documents. Similar discovery from third-parties is duplicative and unnecessary.

CoStar argues it has been unsuccessful in its efforts to obtain all materials sought from CREXi, so nonparty discovery is appropriate. (*See* Dkt. 16 at 17.) To the contrary, the Special Master denied the majority of CoStar's motion to compel CREXi to produce additional documents relating to its business model and investor communications on the grounds that CREXi had already agreed to produce those responsive documents relevant to liability and damages and to CREXi's DCMA defense, and additional documents encompassed by CoStar's requests were not relevant. Nonparties JSV and Foundation Collective should not be burdened with

8

producing documents relating to CREXi that CREXi was not required to produce because such documents are not relevant and proportional to the needs of the case.

The Motions are GRANTED in PART. The subpoenas are QUASHED. JSV and Foundation Collective are not required to produce documents in response to the subpoenas.

Under Rule 45(c)(1), courts have discretion to impose sanctions on a party or attorney who fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012). The Special Master exercises her discretion and declines to order such sanctions here. JSV's and Foundation Collective's requests for attorneys' fees are DENIED.

IT IS SO ORDERED.

DATED: October 9, 2023

DocuSigned by:

*Hon. Suzanne Segal (Ret.)*
2B739185DE71459...
_____
Honorable Suzanne H. Segal (Ret.)
Special Master

9